**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| FANNIE JENNINGS, et al., | ) | CASE NO. 1:18CV2997 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| LQ MANAGEMENT, LLC., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT #3) of Defendant LQ Management LLC to Change Venue and the Motion (ECF DKT #6) of Plaintiffs Fannie Jennings and Joseph Morton to Remand to State Court Due to a Lack of Federal Subject Matter Jurisdiction. For the following reasons, Defendant's Motion to Change Venue is GRANTED, Plaintiffs' Motion to Remand is DENIED and the above-captioned matter is transferred to the United States District Court for the Southern District of Ohio, Eastern Division for further proceedings.

## I. BACKGROUND

Plaintiffs' claims arise from an incident that occurred on June 18, 2016, at Defendant's La Quinta Inn located in the City of Reynoldsburg in Franklin County, Ohio. During her stay, Plaintiff Fannie Jennings was injured when she received an electric shock as she reached for a light switch in her hotel room. Plaintiff Jennings and her husband filed suit in Cuyahoga County Common Pleas Court. Defendant removed the case to federal court on December 31, 2018, on the basis of diversity jurisdiction. On the same date, Defendant moved to transfer venue to the United States District Court for the Southern District of Ohio, Eastern Division. Plaintiffs responded with their Motion to Remand the matter to state court for proper adjudication in either Hamilton or Franklin County.

There is no dispute that Plaintiffs are Ohio citizens. There is no dispute that LQ Management LLC is the proper Defendant. The Complaint alleges state law claims of Negligence and Loss of Consortium only. There is no question that Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in the State of Texas; nor that Defendant's statutory agent is Corporate Creations Network, Inc., 119 E. Court St., Cincinnati, Ohio 45202. Neither party disputes that a substantial part of the events or omissions giving rise to Plaintiffs' Complaint allegedly occurred in Franklin County, Ohio.

Plaintiff contends, without case law or statutory authority, that there is no diversity because "all parties are domiciled in the State of Ohio, either through permanent residence, permanent fixture operation, or statutory agent registry." (ECF DKT #6 at 3). Plaintiffs admit that Cuyahoga County was the improper venue; and thus, seeks remand to state court so

that the action can be adjudicated in Hamilton or Franklin County where venue would be proper.

Defendant asserts that removal was appropriate because complete diversity exists. However, the Court should transfer the action to the Southern District which encompasses Franklin County. The aspect of Defendant's Motion, dealing with a transfer to another federal district court, is not addressed by Plaintiffs.

## II. LAW AND ANALYSIS

**Diversity and corporations**

"It is axiomatic that there must be complete diversity between the parties of an action to support diversity jurisdiction." *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992). Complete diversity exists when "all of [the parties] on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

For a corporation, its "citizenship derives, for diversity jurisdiction purposes, from its State of incorporation and principal place of business." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); 28 U.S.C. § 1332(c)(1). A corporation "is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction." *Id*.

The Court is not persuaded by Plaintiffs' arguments that Defendant is domiciled in Ohio because it operates a hotel in Franklin County, Ohio and because its registered statutory agent is located in Cincinnati, Ohio. The applicable federal statutes and case law require the Court to consider a corporation's place of incorporation and principal place of business in order to establish domicile for diversity purposes. Therefore, the Court agrees with

Defendant that LQ Management LLC is not a citizen of Ohio.

**<u>Venue</u>**

Pursuant to 28 U.S.C. § 1404(a), this Court has broad discretionary powers to transfer civil actions: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." A district court may also transfer a case *sua sponte* pursuant to 28 U.S.C. § 1404(a). *Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir.1989).

When considering whether a change of venue is warranted, the district court must weigh case-specific factors, public-interest factors and private concerns. *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531 (6th Cir. 2002). "Among the specific private interests a court may consider are plaintiff's choice of forum, the location of books and records and, ***, the convenience of witnesses. It has been said that plaintiff's choice of forum is entitled to 'great weight.'" *Bacik v. Peek*, 888 F.Supp. 1405, 1414 (N.D.Ohio 1993) (quoting *Gdovin v. Catawba Rental Co.*, 596 F.Supp. 1325, 1327 (N.D.Ohio 1984)).

Considering Defendants' arguments and weighing the necessary factors, the Court agrees with Defendant that venue is not proper in the Northern District of Ohio. Plaintiffs concede that only after they initiated suit, they discovered that Cuyahoga County was not the proper venue. Further, Plaintiffs admit that the appropriate venue is either Franklin County, Ohio where the incident occurred or Hamilton County, Ohio where Defendant's statutory agent resides. The Court is not convinced that it would be authorized to remand this case to a state court other than the one where this action originated. However, the Court finds that it

would be efficient and convenient if this lawsuit were to proceed in Franklin County, Ohio where the hotel is situated where Plaintiff suffered her alleged injuries.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #3) of Defendant LQ Management LLC to Change Venue is GRANTED, the Motion (ECF DKT #6) of Plaintiffs Fannie Jennings and Joseph Morton to Remand to State Court Due to a Lack of Federal Subject Matter Jurisdiction is DENIED and the above-captioned matter is transferred to the United States District Court for the Southern District of Ohio, Eastern Division for further proceedings.

**IT IS SO ORDERED.**

**DATE:** 3/5/2019

s/ Christopher A. Boyko

**CHRISTOPHER A. BOYKO**
**United States District Judge**