# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

FANNIE JENNINGS, *et al.*,

    Plaintiffs,

v.

LQ MANAGEMENT LLC,

    Defendant.

Civil Action 2:19-cv-797
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss for Want of Prosecution (ECF No. 26). Plaintiffs have not filed a response to the motion, and their time to do so has now expired. For the following reasons, it is **RECOMMENDED** that Defendant's Motion be **GRANTED** and that Plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

Plaintiffs commenced this action on June 18, 2018 in the Court of Common Pleas for Cuyahoga County, Ohio. Defendants removed the case to the United States District Court for the Northern District of Ohio and then sought and obtained a transfer of venue to this Court on March 6, 2019. (ECF Nos. 1, 3, 10.) Although Plaintiffs actively participated in the initial stages of the case, Attorneys Daren Niemi and Kenneth Podor filed a motion to withdraw as Plaintiffs' counsel on October 9, 2019, on grounds that "despite multiple attempts at contact, including attempts by phone, attempts by Regular U.S. Mail, and attempts by FedEx, the undersigned can no longer find or get in contact with the Plaintiffs in this matter." (ECF No. 21.) The Court provided Plaintiffs twenty-one days to respond to their counsels' motion and

directed Plaintiffs' counsel to serve Plaintiffs with that order and their motion to withdraw. (ECF No. 24.) When Plaintiffs failed to respond within the allotted time, the Court granted Plaintiffs' counsel motion to withdraw on November 14, 2019. (ECF No. 25.)

On December 31, 2019, Defendant moved to dismiss the action for want of prosecution. (ECF No. 26.) Defendant represents that Plaintiffs have failed to respond to any discovery and scheduled depositions were cancelled because of Plaintiffs' former counsel's inability to contact Plaintiffs to confirm their attendance. (*Id.*) Moreover, Plaintiffs have not retained new counsel or otherwise participated in this litigation since their attorneys withdrew as counsel. Nor have they responded to Defendant's Motion to Dismiss. Defendant's counsel did receive a voicemail on January 10, 2020, from Plaintiff Fannie Jennings "indicating, in part, she was unaware of the prior withdraw[al] of counsel." (Def.'s Supp. to Mot. to Dismiss, ECF No. 27.) However, subsequent attempts to contact Ms. Jennings by phone were unsuccessful. (*Id.*)

The Court's inherent authority to dismiss a plaintiff's action with prejudice because of her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff's action pursuant to Rule 41(b). Plaintiffs have failed to participate in this litigation for several months, not even communicating with their counsel prior to withdrawal, nor responding to discovery requests or attempts to confirm deposition dates, nor responding to motions or telephone calls from Defendant's counsel. Even if Plaintiffs had somehow been unaware of their counsel's withdrawal, Plaintiff's voicemail indicates that they learned of the withdrawal no later than January 10, 2020, presumably when they were served with Defendant's Motion to Dismiss. Plaintiffs' failure to respond to the Motion to Dismiss is just the latest in a long line of Plaintiffs' failures to prosecute their claims and demonstrates their lack of interest in pursuing this action.

Because Plaintiffs failed to participate in this action in any way for several months, despite notice that Defendant was seeking dismissal based on their failure to participate, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process. It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE