**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **FANNIE JENNINGS,** *et al.*, : | |
| : | Case No. 2:19-cv-797 |
| **Plaintiffs,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | |
| : | Magistrate Judge Vascura |
| : | |
| **LQ MANAGEMENT, LLC,** : | |
| : | |
| **Defendant.** | |

**OPINION & ORDER**

This matter comes before the Court on Magistrate Judge Vascura's January 23, 2020 Report and Recommendation that this case be dismissed for want of prosecution. (ECF No. 29). The Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The matter is hereby **DISMISSED WITH PREJUDICE**.

**I.     Background**

Plaintiffs originally filed this action on June 18, 2018 in the Court of Common Pleas for Cuyahoga County, Ohio. (ECF No. 1). Defendant removed the action to the Northern District of Ohio and then transferred venue to the Southern District on March 6, 2019. (ECF Nos. 1, 3, 10). On October 9, 2019, Plaintiffs' attorneys filed a motion to withdraw as counsel for the stated reason that they were no longer able to contact Plaintiffs in this matter despite multiple attempts to do so. (ECF No. 21). The Court gave Plaintiffs 21 days to respond. (ECF No. 24). When Plaintiffs failed to respond, the Court granted Plaintiffs' counsel's motions to withdraw. (ECF No. 25). Defendant then moved to dismiss this action for want of prosecution on December 31, 2019, alleging Plaintiffs failed to respond to discovery requests and attempts to schedule

depositions. (ECF No. 26). Defendant filed a supplemental motion indicating defense counsel did receive a voicemail from Plaintiff Fannie Jennings "indicating, in part, she was unaware of the prior "withdraw[al] of counsel," but noted subsequent attempts to contact Jennings by phone were unsuccessful. (ECF No. 27). Plaintiffs did not file a response to Defendant's motion to dismiss or obtain new counsel. On January 23, 2020, Magistrate Judge Vascura issued the Report and Recommendation that this case be dismissed. (ECF No. 29). Plaintiffs did not file any objections.

## II.    Law & Analysis

Federal Rule of Civil Procedure 41(b) "gives courts the authority to dismiss a case for 'failure of the plaintiff to prosecute or to comply with these rules or any order of the court.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (quoting Fed. R. Civ. P. 41(b)). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Id.* at 363 (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)). The Court considers four factors in whether to dismiss a case for want of prosecution: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

Failure to file objections within fourteen days results in waiver of de novo review of the Magistrate's Report and Recommendation. *See, e.g., McCall v. Ohio*, No. 2:18-cv-1261, 2019 WL 188039 at *1 (S.D. Ohio Jan. 14, 2019). The Magistrate Judge noted that Plaintiffs have failed to participate in this action for several months, failed to communicate with their prior

counsel, and have not obtained new counsel. (ECF No. 29 at 3). The Magistrate Judge concluded that, even if Plaintiffs were somehow initially unaware of their counsel's withdrawal, they at least became aware no later than January 10, 2020 as indicated by Jennings's voicemail, and have still failed to respond to Defendant's motion to dismiss. (*Id.*). The Magistrate Judge concluded that this was "the latest in a long line of Plaintiffs' failures to prosecute their claims and demonstrates their lack of interest in pursuing this action." (*Id.*). The Magistrate Judge considered and concluded that "no alternative sanction would preserve the pretrial process." (*Id.* at 4). This Court agrees. Having reviewed the Magistrate Judge's Report and Recommendation, and acknowledging that Plaintiffs have filed no objections and have otherwise failed to prosecute this case for many months, this Court agrees that even under a de novo standard of review dismissal is appropriate.

For these reasons, this Court **ADOPTS** Magistrate Judge Vascura's January 23, 2020 Report and Recommendation (ECF No. 29) and **GRANTS** Defendant's Motion to Dismiss for want of prosecution (ECF Nos. 26, 27). This matter is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

                                              **ALGENON L. MARBLEY**
                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATE:  July 16, 2020**